UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

LISA P. FAVOR,

    Plaintiff,

v.

FINANCIAL RECOVERY SERVICES INC.,
JOHN DOE

    Defendants.

_____/

## COMPLAINT
## JURY DEMAND

1.    Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA"), and violation of the Telephone Consumer Protection Act, 47 U.S.C §227, *et seq*. ("TCPA").

## JURISDICTION AND VENUE

2.    This Court has jurisdiction under 28 U.S.C. §§1331. Mims v. Arrow Fin. Servs. LLC, 132 S. Ct. 740 (U.S. 2012); 2012 U.S. LEXIS 906 (U.S. 2012). This Court has jurisdiction under 28 U.S.C. §§1331, 1337, and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and Defendant, FINANCIAL RECOVERY SERVICES INC., placed telephone calls into this District and on behalf of Defendant, John Doe.

## PARTIES

3. Plaintiff, LISA FAVOR, is a natural person, and citizen of the State of Florida, residing in Broward County, Florida.

4. Defendant, FINANCIAL RECOVERY SERVICES INC., ("FRS"), is a professional corporation and citizen of the State of Minnesota with its principal place of business at 4900 Viking Driver, Edina, MN, 55438.

5. Defendant, FRS, regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

6. Defendant, FRS, regularly collects or attempts to collect debts for other parties.

7. Defendant, FRS, is a "debt collector" as defined in the FDCPA.

8. Defendant, JOHN DOE, regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

9. Defendant, JOHN DOE, purchases portfolios of defaulted debts.

10. Defendant, JOHN DOE, is a "debt collector" as defined in the FDCPA.

11. Defendant, JOHN DOE, was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

12. Defendant, JOHN DOE, is the creditor on whose behalf, FRS was attempting to collect an alleged debt. Plaintiff is presently unaware of the name of

2

this individual, will obtain it through discovery and amend her complaint accordingly.

13.     Because JOHN DOE is the creditor on whose behalf FRS placed the calls, it is vicariously liable to Plaintiff with respect to the alleged violations of the TCPA. The Federal Communications Commission has held: "Similarly, a creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules." FCC, IN THE MATTER OF RULES AND REGULATIONS IMPLEMENTING THE TELEPHONE CONSUMER PROTECTION ACT OF 1991: REQUEST OF ACA INTERNATIONAL FOR CLARIFICATION AND DECLARATORY RULING, 07-232, ¶10, (2007), ("FCC RUL. 07-232").

14.     The Federal Communications Commission has held: "… we stress that nothing in this order requires a consumer to provide proof – at the time it files its complaint – that the seller should be held vicariously liable for the offending call." FCC, In the Matter of the Joint Petition Filed by Dish Network, LLC, the United States of Am., & the States of California, Illinois. N. Carolina, & Ohio for Declaratory Ruling Concerning the Tel. Consumer Prot. Act (TCPA) Rules, CG11-50, 2013 WL 1934349 (F.C.C. May 9, 2013)

## FACTUAL ALLEGATIONS

15. Defendant, FRS, or others acting at its request, on behalf of JOHN DOE, sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family or household purposes.

16. On or about June 9, 2012 Defendant, FRS, or others acting at its request, on behalf of John Doe, used an automated telephone dialing system or pre-recorded or artificial voice to leave a message on Plaintiff's voicemail on her cellular telephone which failed to disclose its identity that Defendant is a debt collector, specifically:

> This confidential and important settlement message of information on Lisa Favor. This is Jim with FRS. Please return my call to my office as soon as possible today at 866-438-2011. When calling back, refer to file number GMB161. Once again, Jim with FRS at 866-438-2011. Thank you.

17. Defendant, FRS, or another party acting on its behalf, left similar or identical messages on other occasions using an automated telephone dialing system or pre-recorded or artificial voice on Plaintiff's cellular telephone. (Collectively, "the telephone messages").

18. The messages are "communications" as defined by 15 U.S.C. §1692a(2). See *Berg v. Merchs. Ass'n Collection Div.*, Case No. 08-60660-Civ-Dimitrouleas/Rosenbaum, 2008 U.S. Dist. LEXIS 94023 (S.D. Fla. Oct. 31, 2008).

19. Defendant, FRS, failed to inform Plaintiff in the messages that the communication was from a debt collector and failed to disclose the purpose of Defendant's messages.

20. Defendant, FRS, or others acting on its behalf, used an automatic telephone dialing system or a pre-recorded or artificial voice to place telephone calls to Plaintiff's cellular telephone.

21. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227 (b)(1)(A).

22. Defendants willfully or knowingly violated the TCPA.

## COUNT I
## FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR

23. Plaintiff incorporates Paragraphs 1 through 22.

24. Defendant failed to disclose in the telephone messages that it is a debt collector in violation of 15 U.S.C. §1692e(11). See *Foti v. NCO Fin. Sys.*, 424 F. Supp. 2d 643, 646 (D.N.Y. 2006) and *Belin v. Litton Loan Servicing*, 2006 U.S. Dist. LEXIS 47953 (M. D. Fla. 2006) and *Leyse v. Corporate Collection Servs.*, 2006 U.S. Dist. LEXIS 67719 (D.N.Y. 2006).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant, FINANCIAL RECOVERY SERVICES INC. and JOHN DOE for:

    a. Damages;

      b.      Attorney's fees, litigation expenses and costs of suit; and

      c.      Such other or further relief as the Court deems proper.

## COUNT II
## FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY

25.    Plaintiff incorporates Paragraphs 1 through 22.

26.    Defendant, FRS, placed telephone calls to Plaintiff without making meaningful disclosure when it failed to disclose the purpose of Defendant's communication in the telephone messages in violation of 15 U.S.C §1692d(6). See *Valencia v The Affiliated Group, Inc*., Case No. 07-61381-Civ-Marra/Johnson, 2008 U. S. Dist. LEXIS 73008, (S.D.Fla., September 23, 2008); *Wright v. Credit Bureau of Georgia, Inc*., 548 F. Supp. 591, 593 (D. Ga. 1982); and *Hosseinzadeh v. M.R.S. Assocs*., 387 F. Supp. 2d 1104 (D. Cal. 2005).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant, FINANCIAL RECOVERY SERVICES INC. and JOHN DOE for:

      a.      Damages;

      b.      Attorney's fees, litigation expenses and costs of suit; and

      c.      Such other or further relief as the Court deems proper.

## COUNT III
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT REGARDING FINANCIAL RECOVERY SERVICES AND JOHN DOE

27.    Plaintiff incorporates Paragraphs 1 through 22.

28. Defendant, FRS, or others acting on behalf of JOHN DOE, placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice violation of 47 U.S.C § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant, FINANCIAL RECOVERY SERVICES INC., for:

    a.    Damages;

    b.    a declaration that Defendant's calls violate the TCPA;

    c.    a permanent injunction prohibiting Defendants from placing non-emergency calls to the Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice; and

    d.    Such other or further relief as the Court deems proper.

### JURY DEMAND

Plaintiff demands trial by jury.

> DONALD A. YARBROUGH, ESQ.
> Attorney for Plaintiff
> Post Office Box 11842
> Ft. Lauderdale, FL 33339
> Telephone: 954-537-2000
> Facsimile: 954-566-2235
> don@donyarbrough.com

By: s/ Donald A. Yarbrough
    Donald A. Yarbrough, Esq.
    Florida Bar No. 0158658

SCOTT R. STRAUSS, ESQ.
Attorney for Plaintiff
Post Office Box 11842
Ft. Lauderdale, FL 33339
Telephone: 954-537-2000
Facsimile: 954-566-2235
ScottStrauss@donyarbrough.com